IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 10 2015
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| **JAMES FICK**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SILOAM SPRINGS HOTEL, L.L.C.**<br>Serve:  Reg. Agent Lena Beth Andrews<br>        2171 Ravenwood Plaza<br>        Siloam Springs, AR 72761<br><br>**Defendant.** | Case No. 15-5156<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff James Fick ("Plaintiff") makes the following allegations for his Complaint against Siloam Springs Hotel, L.L.C. ("Defendant").

### PARTIES

1.  Plaintiff James Fick is a resident of Missouri.

2.  Defendant Siloam Springs Hotel, L.L.C. is a limited liability company incorporated under the laws of the State of Oklahoma, and has at all relevant times done business in the State of Arkansas. Its members are residents and citizens of Oklahoma, Florida, New York, North Carolina, and Texas.

3.  Defendant operates the Hampton Inn hotel in Siloam Springs, Arkansas.

### JURISDICTION

4.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Defendant because Defendant has at all relevant times done business in Arkansas, Defendant's principle place of business is in Arkansas, and Defendant committed a tortious act within Arkansas.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Siloam Springs, Arkansas.

## ALLEGATIONS COMMON TO ALL COUNTS

7. On January 21, 2013, Plaintiff was staying as a guest at the Hampton Inn hotel in Siloam Springs, Arkansas, operated by Siloam Springs Hotel, L.L.C.

8. Approximately around 9 pm or 10 pm, Plaintiff began to feel ill while resting in his room.

9. When his illness became worse, he went to the front desk of the hotel and asked them to call an ambulance for him.

10. The ambulance took Plaintiff to Siloam Springs Memorial Hospital.

11. At the hospital, he was diagnosed with carbon monoxide poisoning.

12. Other guests at the hotel also experienced carbon monoxide poisoning that night.

13. Around 11 pm, the fire department evacuated the entire hotel.

14. Carbon monoxide escaped into the air at the hotel on January 21, 2013 due to a leak in the heater of the indoor swimming pool (the "heater").

15. Portions of the pipes connected to the heater were rusted, eroded, and deteriorating.

16. As a direct and proximate result of Defendant' conduct, acts and omissions, Plaintiff suffered physical, life threatening injuries, mental and emotional injuries, and economic damages.

## COUNT I – NEGLIGENCE

17. Plaintiff incorporates by reference the above allegations.

18. At all times relevant to the Complaint, Defendant owed to Plaintiff a duty to properly maintain the heater in a reasonably safe condition.

19. Defendant breached his duty to Plaintiff by improperly maintaining the heater in an unreasonably dangerous and defective condition.

20. Defendant negligently maintained the heater by:

   a. Allowing the heater to operate in a defective condition;

   b. Maintaining portions of the pipes connected to the heater in rusted, eroded, and deteriorated conditions;

   c. Failing to examine the heater for possible areas of leakage;

   d. Failing to repair the erosion in the pipes;

   e. Failing to replace the eroded pipes; and

   f. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

21. Defendant's negligent maintenance of the heater directly and proximately caused the escape of carbon monoxide.

22. The escape of carbon monoxide directly and proximately caused Plaintiff's physical and emotional injuries.

23. Defendant's negligent maintenance of the heater was the direct and proximate cause of Plaintiff's physical and emotional injuries.

24. Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

25. Plaintiff incurred medical expenses for his injuries.

26. At the time Plaintiff incurred injuries at the hotel, Defendant knew of or should have known of the defective condition of the heater.

27. At the time Plaintiff incurred injuries at the hotel, Defendant knew of or should have known that such negligent maintenance of the heater would naturally and probably result in injury or damage if it continued its maintenance in reckless disregard of the safety of its guests.

28. Because the aforesaid misconduct of Defendant constituted a reckless disregard for the safety its guests, including Plaintiff, punitive damages are justified and required to be assessed against Defendant in a sum that will deter Defendant and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

## COUNT II – PREMISES LIABILITY NEGLIGENCE

29. Plaintiff incorporates by reference the above allegations.

30. Plaintiff was an invitee of Defendant.

31. At all times relevant to the Complaint, Defendant owed to any and all invitees, including Plaintiff, a duty to maintain the premises in reasonably safe conditions.

32. Defendant's premises were unsafe due to the condition of the defective heater.

33. Such defective and dangerous condition was apparent to Defendant or by the exercise of ordinary care should have been apparent, so that a reasonably prudent possessor would have corrected the defect or warned Plaintiff of it.

34. Plaintiff did not know, and by using ordinary care, could not have known, of such defective and dangerous condition.

35. Defendant's negligent acts included, but are not limited to, the following acts and/or omissions:

    a. Failing to maintain the premises in such a manner so as to avoid Plaintiff's injury in that it failed to maintain an overall safe quality of air;

    b. Failing to repair the defective heater;

    c. Failing to warn Plaintiff of the defective heater; and

    d. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

36. As a direct and proximate result of the defective and dangerous condition on the premises from the heater, Plaintiff sustained physical and emotional injuries. Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

37. Plaintiff incurred medical expenses for his injuries.

38. At the time Plaintiff incurred injuries at the hotel, Defendant knew of or should have known of defective condition on the premises that the heater presented.

39. At the time Plaintiff incurred injuries at the hotel, Defendant knew of or should have known that its negligent maintenance of the premises would naturally and probably result

in injury or damage if it continued its maintenance in reckless disregard of the safety of its invitees.

40. Because the aforesaid misconduct of Defendant constituted a reckless disregard for the safety its invitees, including Plaintiff, punitive damages are justified and required to be assessed against Defendant in a sum that will deter Defendant and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:   /s/ John G. Simon
John G. Simon, #92076
Kevin M. Carnie, Jr., *Pro Hac Vice* Forthcoming
800 Market Street, Ste. 1700
St. Louis, MO 63101
jsimon@simonlawpc.com
kcarnie@simonlawpc.com
Phone:  314-241-2929
Fax:  314-241-2029
   ***Attorneys for Plaintiff***

in injury or damage if itcontinued its maintenance in reckless disregard of the safety of its invitees.

40. Because the aforesaid misconduct of Defendant constituted a reckless disregard for the safety its invitees, including Plaintiff, punitive damages are justified and required to be assessed against Defendant in a sum that will deter Defendant and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

Respectfully Submitted,

THE SIMON LAW FIRM, P.C.

By: _____
John G. Simon, #92076
Kevin M. Carnie, Jr., *Pro Hac Vice* Forthcoming
800 Market Street, Ste. 1700
St. Louis, MO 63101
jsimon@simonlawpc.com
kcarnie@simonlawpc.com
Phone:  314-241-2929
Fax:  314-241-2029
   ***Attorneys for Plaintiff***