IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JAMES FICK<br><br>    **Plaintiff,**<br><br>vs.<br><br>SILOAM SPRINGS HOTEL, L.L.C.,<br><br>    **Defendant/Third-Party Plaintiff,**<br><br>and<br><br>MULTI-CRAFT CONTRACTORS, INC. d/b/a AIR WORKS<br><br>    **Defendant/Third-Party Defendant**<br><br>and<br><br>KENNETH WILLIAMSON d/b/a NWA HEATING & AIR<br><br>    **Defendant/Third-Party Defendant.** | Case No. 5:15-cv-05156-PKH<br><br>**Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff James Fick ("Plaintiff") makes the following allegations for his Complaint against Siloam Springs Hotel, L.L.C. d/b/a Hampton Inn Siloam Springs ("Siloam Springs"), Multi-Craft Contractors, Inc. d/b/a Air Works ("Multi-Craft"), and Kenneth Williamson d/b/a NWA Heating & Air ("Williamson").

1

## PARTIES

1. Plaintiff is a resident of Missouri.

2. Siloam Springs is a limited liability company incorporated under the laws of the State of Oklahoma, and has at all relevant times done business in the State of Arkansas. Its members are residents and citizens of Oklahoma, Florida, New York, North Carolina, and Texas.

3. Siloam Springs operates the Hampton Inn hotel in Siloam Springs, Arkansas.

4. Multi-Craft is an Arkansas corporation with its principal place of business in Springdale, Washington County, Arkansas.

5. Williamson is a sole proprietor who at all times pertinent was doing business as NWA Heating & Air in Siloam Springs, Benton County, Arkansas.

## JURISDICTION

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Siloam Springs because it does business in Arkansas, has its principle place of business in Arkansas, and committed a tortious act within Arkansas.

8. This Court has personal jurisdiction over Multi-Craft and Williamson because they are Arkansas residents with their principal places of business in Arkansas.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Siloam Springs, Arkansas.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Siloam Springs hired Multi-Craft beginning in April 2009 to inspect, repair and provide labor and materials as a mechanical plumbing contractor to alleviate a humidity problem in the pool room and the inability of the pool heater to consistently maintain the water temperature in the pool at the Hampton Inn.

11. Multi-Craft provided labor and materials for the time period of 2009 through 2012 for the inspection, repair, and maintenance of the duct work, venting and mechanical operation of the Master Temp Pool Heater Model #NSTRTMP250NA and the Desert Air Handling Unit Model LC05R6WNBTALCEA (collectively "the heater") at the Hampton Inn.

12. Siloam Springs hired Williamson on January 17, 2013 to inspect and repair the heater because the water temperature in the pool was not being sufficiently heated.

13. On January 21, 2013, Plaintiff was staying as a guest at the Hampton Inn hotel in Siloam Springs, Arkansas, operated by Siloam Springs.

14. Approximately around 9 pm or 10 pm, Plaintiff began to feel ill while resting in his room.

15. When his illness became worse, he went to the front desk of the hotel and asked them to call an ambulance for him.

16. The ambulance took Plaintiff to Siloam Springs Memorial Hospital.

17. At the hospital, he was diagnosed with carbon monoxide poisoning.

18. Other guests at the hotel also experienced carbon monoxide poisoning that night.

19. Around 11 pm, the fire department evacuated the entire hotel.

20. Carbon monoxide escaped into the air at the hotel on January 21, 2013 due to a leak in the heater.

21. Portions of the pipes connected to the heater were rusted, eroded, and deteriorating.

22. As a direct and proximate result of each of the defendants' conduct, acts and omissions, Plaintiff suffered physical, life threatening injuries, mental and emotional injuries, and economic damages.

## COUNT I
## NEGLIGENCE – SILOAM SPRINGS

23. Plaintiff incorporates by reference the above allegations.

24. At all times relevant to the Complaint, Siloam Springs owed Plaintiff a duty to properly maintain the heater in a reasonably safe condition.

25. Siloam Springs breached its duty to Plaintiff by improperly maintaining the heater in an unreasonably dangerous and defective condition.

26. Siloam Springs negligently maintained the heater by:

   i. Allowing the heater to operate in a defective condition;

   ii. Maintaining portions of the pipes connected to the heater in rusted, eroded, and deteriorated conditions;

   iii. Failing to examine the heater for possible areas of leakage;

   iv. Failing to repair the erosion in the pipes;

   v. Failing to replace the eroded pipes; and

   vi. Failing to detect improper installation of the heater; and

   vii. Failing to properly air duct the heater;

   viii. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

27. Siloam Springs' negligent maintenance of the heater directly and proximately caused the escape of carbon monoxide.

28. The escape of carbon monoxide directly and proximately caused Plaintiff's physical and emotional injuries.

29. Siloam Springs' negligent maintenance of the heater was the direct and proximate cause of Plaintiff's physical and emotional injuries.

30. Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

31. Plaintiff incurred medical expenses for his injuries.

32. At the time Plaintiff incurred injuries at the hotel, Siloam Springs knew or should have known of the defective condition of the heater.

33. At the time Plaintiff incurred injuries at the hotel, Siloam Springs knew or should have known that such negligent maintenance of the heater would naturally and probably result in injury or damage if it continued its maintenance in reckless disregard of the safety of its guests.

34. The aforesaid misconduct of Siloam Springs constituted a reckless disregard for the safety its guests, including Plaintiff, justifying punitive damages against Siloam Springs in a sum that will deter Siloam Springs and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Siloam Springs for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

## COUNT II
## PREMISES LIABILITY – SILOAM SPRINGS

35. Plaintiff incorporates by reference the above allegations.

36. Plaintiff was an invitee of Siloam Springs.

37. At all times relevant to the Complaint, Siloam Springs owed to any and all invitees, including Plaintiff, a duty to maintain the premises in reasonably safe conditions.

38. Siloam Springs' premises were unsafe due to the condition of the defective heater.

39. Such defective and dangerous condition was apparent to Siloam Springs or by the exercise of ordinary care should have been apparent, so that a reasonably prudent possessor would have corrected the defect or warned Plaintiff of it.

40. Plaintiff did not know, and by using ordinary care, could not have known, of such defective and dangerous condition.

41. Siloam Springs' negligent acts included, but are not limited to, the following acts and/or omissions:

   i. Allowing the heater to operate in a defective condition;

   ii. Maintaining portions of the pipes connected to the heater in rusted, eroded, and deteriorated conditions;

   iii. Failing to examine the heater for possible areas of leakage;

   iv. Failing to repair the erosion in the pipes;

   v. Failing to replace the eroded pipes; and

   vi. Failing to detect improper installation of the heater; and

   vii. Failing to properly air duct the heater;

   viii. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

42. As a direct and proximate result of the defective and dangerous condition on the premises from the heater, Plaintiff sustained physical and emotional injuries. Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

43. Plaintiff incurred medical expenses for his injuries.

44. At the time Plaintiff incurred injuries at the hotel, Siloam Springs knew of or should have known of defective condition on the premises that the heater presented.

45. At the time Plaintiff incurred injuries at the hotel, Siloam Springs knew of or should have known that its negligent maintenance of the premises would naturally and probably result in injury or damage if it continued its maintenance in reckless disregard of the safety of its invitees.

46. The aforesaid misconduct of Siloam Springs constituted a reckless disregard for the safety its guests, including Plaintiff, justifying punitive damages against Siloam Springs in a sum that will deter Siloam Springs and others from such misconduct in the future

WHEREFORE, Plaintiff prays for judgment against Siloam Springs for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

## COUNT III
## NEGLIGENCE – MULTI-CRAFT

47. Plaintiff incorporates by reference the above allegations.

48. At all times relevant to the Complaint, Multi-Craft owed to Plaintiff a duty to properly maintain the heater in a reasonably safe condition.

49. Multi-Craft breached its duty to Plaintiff by improperly maintaining the heater in an unreasonably dangerous and defective condition.

50. Multi-Craft negligently maintained the heater by:

   i. Allowing the heater to operate in a defective condition;

   ii. Maintaining portions of the pipes connected to the heater in rusted, eroded, and deteriorated conditions;

   iii. Failing to examine the heater for possible areas of leakage;

7

      iv. Failing to repair the erosion in the pipes;

      v. Failing to replace the eroded pipes; and

      vi. Failing to detect improper installation of the heater; and

      vii. Failing to properly air duct the heater;

      viii. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

51. Multi-Craft's negligent maintenance of the heater directly and proximately caused the escape of carbon monoxide.

52. The escape of carbon monoxide directly and proximately caused Plaintiff's physical and emotional injuries.

53. Multi-Craft's negligent maintenance of the heater was the direct and proximate cause of Plaintiff's physical and emotional injuries.

54. Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

55. Plaintiff incurred medical expenses for his injuries.

56. At the time Plaintiff incurred injuries at the hotel, Multi-Craft knew of or should have known of the defective condition of the heater.

57. At the time Plaintiff incurred injuries at the hotel, Multi-Craft knew of or should have known that such negligent maintenance of the heater would naturally and probably result in injury or damage if it continued its maintenance in reckless disregard of the safety of hotel guests.

58. The aforesaid misconduct of Multi-Craft constituted a reckless disregard for the safety of others, including Plaintiff, justifying punitive damages against Multi-Craft in a sum that will deter Multi-Craft and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Multi-Craft for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENCE – WILLIAMSON

59. Plaintiff incorporates by reference the above allegations.

60. At all times relevant to the Complaint, Williamson owed to Plaintiff a duty to properly service the heater.

61. Williamson breached his duty to Plaintiff by improperly servicing the heater.

62. Williamson negligently serviced the heater by:

   i. Allowing the heater to operate in a defective condition;

   ii. Failing to examine the heater for possible areas of leakage;

   iii. Failing to repair the erosion in the pipes;

   iv. Failing to replace the eroded pipes; and

   v. Failing to detect improper installation of the heater; and

   vi. Failing to properly air duct the heater;

   vii. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

63. Williamson's negligent service of the heater directly and proximately caused the escape of carbon monoxide.

64. The escape of carbon monoxide directly and proximately caused Plaintiff's physical and emotional injuries.

65. Williamson's negligent service of the heater was a direct and proximate cause of Plaintiff's physical and emotional injuries.

66. Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

67. Plaintiff incurred medical expenses for his injuries.

68. At the time Plaintiff incurred injuries at the hotel, Williamson knew of or should have known of the defective condition of the heater.

69. At the time Plaintiff incurred injuries at the hotel, Williamson knew of or should have known that such negligent service of the heater would naturally and probably result in injury or damage if he continued his service in reckless disregard of the safety of hotel guests.

70. The aforesaid misconduct of Williamson constituted a reckless disregard for the safety its others, including Plaintiff, justifying punitive damages against Williamson in a sum that will deter Williamson and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Williamson for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, costs herein incurred, prejudgment interest, post judgment interest, and for such other and further relief as may be just and proper.

Respectfully Submitted,

THE SIMON LAW FIRM, P.C.

By: _____
John G. Simon, #92076
Kevin M. Carnie, Jr., *Pro Hac Vice*
800 Market Street, Ste. 1700
St. Louis, MO 63101
jsimon@simonlawpc.com
kcarnie@simonlawpc.com
Phone: 314-241-2929
Fax: 314-241-2029
***Attorneys for Plaintiff***